135 A.3d 577

IN THE MATTER OF ROLAND G. HARDY, JR., AN ATTORNEY
AT LAW (ATTORNEY NO. 002781978).

May 4, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–122, recommending that **ROLAND G. HARDY, JR.,** of **PITMAN,** who was admitted to the bar of this State in 1978, be disbarred for his unethical conduct in two client matters, including violations of *RPC* 1.5(a) (charging an unreasonable fee), *RPC* 1.5(b) (failure to memorialize the rate or basis of the fee), *RPC* 1.5(e) (dividing a fee between lawyers not in the same firm), *RPC* 1.8(a) (improper business transaction with a client), *RPC* 1.15(a) (safekeeping property), *RPC* 1.15(b) (failure to promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and the principles of *In re Hollendonner,* 102 *N.J.* 21, 504 *A.*2d 1174 (1985) and *In re Wilson,* 81 *N.J.* 21 (1985);

And **ROLAND G. HARDY, JR.,** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **ROLAND G. HARDY, JR.,** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;

ORDERED that **ROLAND G. HARDY, JR.,** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by **ROLAND G. HARDY, JR.,** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court,

for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that **ROLAND G. HARDY, JR.,** comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.